# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JEANADELL VERNON
                        Plaintiff

-v-                                                 Case No.: 14-cv-61390-WJZ

AURORA LOAN SERVICES, LLC, COLLINS
ASSET GROUP, LLC and POLLACK &
ROSEN, P.A,
                        Defendants.
_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, JEANADELL VERNON, and sues AURORA LOAN SERVICES, LLC, COLLINS ASSET GROUP, LLC and POLLACK & ROSEN, P.A., stating as follows:

### JURISDICTION AND VENUE

1.      This is an action for statutory and actual damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692, *et seq*.; and actual and statutory damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).  These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2.      The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and 28 U.S.C.§1331.

3.      **This is an action for damages which exceed $233,520.00.**

## PARTIES

4. Plaintiff, JEANADELL VERNON ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant, AURORA LOAN SERVICES, LLC ("AURORA "), is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) doing business in Florida that regularly collects on notes.  AURORA LOAN SERVICES, LLC has asked that service of process be sent to AURORA LOAN SERVICES, LLC, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

6. Defendant, COLLINS ASSET GROUP, LLC ("COL-ASSET") is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) doing business in Florida that regularly collects on notes.  COLLINS ASSET GROUP, LLC has asked that service of process be sent to COLLINS ASSET GROUP, LLC, has asked the all service of process be received by their registered agent CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

7. Defendant, POLLACK & ROSEN, P.A. ("POL-ROSEN"), is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) and a Florida Law Office that regularly collects on notes, doing business in Florida.

8. POLLACK & ROSEN, P.A., ("POL-ROSEN") is a corporation, authorized to do business in Florida.  POLLACK & ROSEN, P.A., has asked that process of service be delivered to MARK E. POLLACK at 806 DOUGLAS RD, SOUTH TOWER SUITE 200, CORAL GABLES, FL 33134.

9. Defendants regularly use the United States Postal Service in the collection of consumer debt.

10.     Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as that term is defined in the FDCPA.

11.     At all times material to the allegation of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12.     Plaintiff contends that Defendants have conspired and committed fraud in order to wrongfully foreclose with total disregard for Federal and State laws.

13.     Plaintiff contends that Defendants have created and caused fraudulent documents to be filed into the public records of and into the State Court giving the appearance that there is a legal foreclosure going while some or all of the Defendants continue to break the law.

14.     Plaintiff contends that this is common practice by some or all Defendants nationwide and that some or all Defendants are under investigation by the U.S. Department of Justice and the Attorneys General of both the United States and Florida.

15.     Defendants acting within the scope of their employment are vicariously liable for the actions of their respective employers. *Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)*.

16.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for addressing these injuries are inadequate to protect consumers.

## **FACTUAL ALLEGATIONS**

17. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred on a note and secured by a mortgage. The latter is null and void and secures the former (Exhibit "A" Note Exhibit "B" mortgage).

18. Sometime after the thereafter and without notice to the Plaintiff, the Plaintiff's note and mortgage was sold one or more times without prior notice to the Plaintiff's as required under paragraph 15, 20 and 22 of the mortgage.

19. Plaintiff issued note and mortgage in a party other than Defendant AURORA.

20. The Plaintiff has no contract with AURORA LOAN SERVICES, LLC, COLLINS ASSET GROUP, LLC or POL-ROSEN.

21. A letter from POLLACK & ROSEN states that AURORA LOAN SERVICES, LLC is the creditor. AURORA was not the creditor at the time of the filing of the complaint (Exhibit "C").

22. The complaint contradicts the letter because even though the Defendant is a servicer and took possession of the note while allegedly in default, they have stated in their complaint that the note and mortgage was assigned to them from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR CTX MORTGAGE COMPANY, LLC.  (Exhibit "D") and that AURORA is the owner of the note when that was not true. The subject debt collection is contrary to conditions precedent of the subject mortgage contract.

23. The Plaintiff has no legal obligation to pay AURORA, COL-ASSET or POL-ROSEN.

24.     Sometime thereafter and without proper notice to the Plaintiff, the Defendant AURORA LOAN SERVICES, LLC and LAW OFFICES OF MARSHAL C. WATTSON engaged in collection activity against the Plaintiff.

25.     Thereafter, AURORA LOAN SERVICES, LLC claimed that the note and mortgage are owed to them and filed for foreclosure; however the Plaintiff has not contract with Defendant AURORA LOAN SERVICES, LLC.

26.     Because of said willful actions by AURORA LOAN SERVICES, LLC the Plaintiff has lost the property.

27.     Defendant in the complaint claimed that:

> "All conditions precedent to the acceleration of this Mortgage Note and to foreclosure of the Mortgage have been fulfilled or have occurred."

This statement was false, misleading, and deceptive to the "least sophisticated consumer".

28.     Said foreclosure action was sent to the Plaintiff in an attempt to collect a debt.

29.     The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose, to extinguish, among other things abusive, oppressive, deceptive, unfair and unconscionable collection practices in the collection of a debt. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

30.     The Defendants of all conspired in unlawful debt collection and breached the contract by failing to provide the requisite notices proper notice of its intent to accelerate the loan as required by paragraph 15, 20 and 22 of the mortgage.

31.     The Defendants have failed to provide a complete chain of title or lawful authority to foreclose on the Plaintiff and the collection action is a material breach of contract.

32.     The obligation sued upon by Defendant AURORA and COLLINS ASSET GROUP, LLC does not contain or allow for the acceleration of the debt, allegedly due, unless Defendant has fulfilled the condition precedent of notice under paragraph 15, 20 and 22 of the Mortgage *prior to filing suit*.  By failing to give the requisite notification before filing suit, Defendant has no right to accelerate.  An unsophisticated consumer would believe that this act would be deceptive and unfair.

33.     The obligation sued upon by Defendant AURORA and COLLINS ASSET GROUP, LLC does not contain or allow for the default of the debt, allegedly due, unless Defendant has fulfilled the condition precedent of notice under paragraph 15, 20 and 22 of the Mortgage *prior to filing suit*.  By failing to give the requisite notification before filing suit, Defendant has no right to foreclose.  An unsophisticated consumer would believe that this act would be deceptive and unfair.

34.     Therefore, AURORA was not the legal owner of the note upon filing of said foreclosure complaint.

35.     The chain of assignments and/or endorsements of the Note are broken and neither the Defendant AURORA nor the unnamed entity upon whose behalf they are acting, can show a chain of title which is required to have standing.

36.     Defendant, POLLACK & ROSEN, P.A., has an established pattern and practice of engaging in illegal debt collection practices and in fact engage and use false representation to collect, or attempt to collect, a debt.  The Defendant POLLACK & ROSEN, P.A., knew or should have known that their acts and the acts of their client were unlawful and contrary to the spirit of the fairness.

37. Upon close review of case documentation submitted by Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POL-ROSEN numerous errors in their lawsuit are elevated due to an obvious lack of consistency. Those errors, made jointly and individually on the part of Defendant's legal counsel, POLLACK & ROSEN, P.A., are fatal to their debt collection efforts and harmed the Plaintiff.

38. Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POL-ROSEN failed to properly supervise their employees, agents and debt collectors.

39. AURORA has **overseen the violations of FDCPA** and chose to ignore responsibilities in rectifying these problems.

40. COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POL-ROSEN have **overseen the violations of FDCPA** and chose to ignore responsibilities in rectifying these problems.

41. Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POL-ROSEN continue to use the services of POLLACK & ROSEN, P.A. despite having knowledge of the Defendants' flagrant disregard for due process and collection laws.

42. The Plaintiff has suffered for years of litigations and the unconscionable debt collection actions of the Defendants for several years.

43. The Defendant's have failed to list the Plaintiff debt as disputed in his credit report.

44. All conditions precedent to the bringing of this action have been performed, waived or excused.

45. Rather than dismiss the State Court lawsuit for foreclosure and debt collection, Defendants continued to litigate the matter forcing Plaintiff and the Court to incur additional time and expense despite the obvious inconsistency in their actions and deceptive acts.

46. There is an assignment for (Exhibit "E" assignment of mortgage) allegedly assigning the mortgage from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., to AURORA LAON SRVICES LLC, signed by MICHELE THOMPSON, Vice President of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. however there was no notification to the Plaintiff as required pursuant to the mortgage and it is unclear how and when AURORA LAON SRVICES LLC came into possession of the note and mortgage. This document is without legal effect pursuant to Florida Statute §559.715 and provided by someone other than an employee of the creditor.

47. Sometime thereafter, the judgment was assigned to COLLINS ASSET GROUP, LLC as current creditor from AURORA LOAN SERVICES, LLC as the original creditor.  AURORA LOAN SERVICES, LLC is/was not the original creditor and COLLINS ASSET GROUP, LLC is not the current creditor.  COLLINS ASSET GROUP, LLC and AURORA LOAN SERVICES, LLC did not extend credit to the Plaintiff and are debt collectors (Exhibit "F" letter from COLLINS ASSET GROUP, LLC and POLLACK ROSEN, P.A.).  The pre-litigation notification is deceptive.

48. The Defendants have already taken the Plaintiff's property and the case was closed (Exhibit "G" Final Judgment of Foreclosure) More than five (5) years has passed since the default of the note and the Defendant's are currently engaged in the collection of a deficiency judgment against the Plaintiff in violation of the Florida's statute of limitation (Exhibit "H"). The Defendants have engaged in unlawful collection activity against the Plaintiff in willful violation of state law to whit:

> 95.11 Limitations other than for the recovery of real property.—Actions other than for recovery of real property shall be commenced as follows:

(2) WITHIN FIVE YEARS.—

(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of paragraph (5)(e), s. 255.05(10), s. 337.18(1), or s. 713.23(1)(e), and except for an action for a deficiency judgment governed by paragraph (5)(h).

(5) WITHIN ONE YEAR.—

(h) An action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit. The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure.

Section 2. The amendments made by this act to s. 95.11, Florida Statutes, apply to any action commenced on or after July 1, 2013, regardless of when the cause of action accrued.  However, any action that would not have been barred under s. 95.11(2)(b), Florida Statutes 2012, before the effective date of this act must be commenced within 5 years after the action accrued or by July 1, 2014, whichever occurs first.

49.   The Defendants are engaged in unlawful collection of a judgment contrary to applicable collection law in Florida.

50.   POLLACK & ROSEN, P.A., COLLINS ASSET GROUP, LLC and AURORA LOAN SERVICES, LLC has superior knowledge of finance and legalese and acts in blatant, willful and wanton disregard for the law (Exhibit "I").

51.   The acts of the Defendants are tantamount to breach of contract.

52.   The acts of the Defendants in their attempt to collect on this debt are nonsensical to the least educated consumer, sloppy, confusing, unconscionable and lacked legal basis.

53.   The Defendants have deceived the Plaintiff and engaged in a pattern and practice of unfair and deceptive collection practices.

54. By their acts of omission, deception and unfair and deceptive practices, the Defendants have irreparably harmed the Plaintiff and in Florida, the acts of the Defendants result in unlawful debt collection.

55. The Plaintiff detrimentally relied on the misrepresentations of the Defendants and the Defendant has been harmed by the material breach of contract which has destroyed her credit.

56. By acts of omission and deception, the material breach of contract has resulted in a judgment against the Plaintiff and the Defendants continue in judgment collection in violation of the mortgage contract.

57. The acts of the Defendants are/were willful and wanton.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS POLLACK & ROSEN, AURORA LOAN SERVICES, LLC and COLLINS ASSET GROUP, LLC

58. Plaintiff's factual allegations are re-alleged as though fully set forth herein.

59. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

60. The Defendants are engaged in a collection of a "debt" as defined by § 1692a(5):

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

61. The Defendants are in violation of FDCPA, 15 U.S.C. §1692a. The Defendants engaged in "communication" in the collection of a "debt" as defined by § 1692a(5):

> The term "communication" means any obligation or alleged obligation of a consumer to pay money arising out of a judgment.

62. Defendants COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. are debt collectors within the meaning of §559.55(6).

63. Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA and FDCPA;

64. Plaintiff did violate the FCCPA and FDCPA.  Pursuant to Florida FCCPA, violations of the FDCPA are to be given great wait in considering violations of FCCPA to wit:

> 559.552(5)
>
>> (5) In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.
>
> 559.78 Judicial enforcement.
>
>> --In addition to other penalties provided in this part, state attorneys and their assistants are authorized to apply to the court of competent jurisdiction within their respective jurisdictions, upon the sworn affidavit of any person alleging a violation of any of the provisions of this part.  Such court shall have jurisdiction, upon hearing and for cause shown, to grant a temporary or permanent injunction restraining any person from violating any provision of this part, whether or not there exists an adequate remedy at law; and such injunction, suspension, or revocation shall issue without bond.
>
> 559.785 Criminal penalty.
>
>> --It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first registering with the office, or to register or attempt to register by means of fraud, misrepresentation, or concealment.

65. As a consequence of the acts of the defendants' Plaintiff are entitled to statutory and actual relief for the acts of the Defendants.

66. The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule.  *Florida Department of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007).

67.     Defendants COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

68.     Defendants COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated the FDCPA. Defendants' violations include, but are not limited to, the following:

 (a) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.
 (b) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.
 (c) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.
 (d) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
 (e) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
 (f) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.
 (g) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.
 (h) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(j) Defendant COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff by and through the undersigned counsel, demands judgment for damages against COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff JEANADELL VERNON, by and through the undersigned counsel requests that this Court enter judgment in her favor and against Defendants COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. for:

a. Statutory and actual damages pursuant 15 U.S.C. §1692k;

b. Attorney's fees, litigant expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A.

69.     Plaintiff alleges and incorporates the information in the factual allegations as though fully restated hereto.

70.     Plaintiff is a consumer within the meaning of §559.55(2).

71.     COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. are debt collectors within the meaning of §559.55(6).

72.     All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

73.     As a consequence of the acts of the defendants' Plaintiff are entitled to statutory and actual relief for the acts of the Defendants.

74.     The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule. *Florida Department of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007).

75.     All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

76.     As a consequence of the acts of the defendants' Plaintiff JEANADELL VERNON lost his home.

**WHEREFORE**, Plaintiff by and through the undersigned counsel, demands judgment for damages against COLLINS ASSET GROUP, LLC, AURORA LOAN SERVICES, LLC and POLLACK & ROSEN, P.A. for actual and statutory damages, punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2014, the forgoing document was filed with the Clerk of the Court.  I further certify that a true and correct copy of the forgoing was served this day on all counsel or parties of record on the Service List below, in the manner specified.

Respectfully Submitted By,

*/s/ Marilyn L. Maloy, _____*
Marilyn L. Maloy
MALOY LAW GROUP, LLC
Attorney for Plaintiff
540 NW 165 STREET ROAD, SUITE 210
MIAMI, FL 33169
Telephone:  (786) 483-7541
Facsimile:  (305) 402-0204